Thomas F. Nowland (SBN 236824)
Daniel A. Brodnax (SBN 266822)
Sean B. Janzen (SBN 293426)
Sarah K. Simon (SBN 299408)
**LAW OFFICES OF THOMAS F. NOWLAND**
20241 SW Birch Street ▪ Suite 203
Newport Beach, California 92660
Tel: (949) 221-0005 ▪ Fax: (949) 221-0003

In *Pro Per*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No: 19-01594-CL7 |
| LAURA A. VALENTE | Chapter 7 |
| Debtor. | Adversary Action No.: |
| THOMAS F. NOWLAND, an Individual, | **ADVERSARY COMPLAINT FOR:** |
| Plaintiff, | 1. **NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)** |
| vs. | 2. **NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(4)** |
| LAURA A. VALENTE, an Individual; JOHN VALENTE, an Individual; VALENTE BELLA INDUSTRY INC, a California Corporation; VALENTE HAIR & COMPANY INC., a California Corporation; and DOES 1 through 50, inclusive, | 3. **BREACH OF FIDUCIARY DUTY** |
| | 4. **FRAUDULENT CONVEYANCE AND TO SET ASIDE FRAUDULENT TRANSFER PURSUANT TO CALIFORNIA CIVIL CODE § 3439 et seq.** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff brings this action against Defendants and alleges as follows:

## THE PARTIES

1. Plaintiff/Creditor THOMAS F. NOWLAND (hereinafter "Plaintiff"), is now, and at all times mentioned in this complaint was, an individual residing in Orange County, California.

- 1 -
ADVERSARY COMPLAINT

2.      Defendant LAURA A. VALENTE (hereinafter "Debtor") is now, and at all times mentioned in this complaint, an individual residing in San Diego County, California.

3.      Defendant JOHN VALENTE, (hereinafter "John Valente") is now, and at all times mentioned in this complaint, an individual residing in San Diego County, California.

4.      Upon information and belief, Defendant VALENTE BELLA INDUSTRY INC, (hereinafter "Valente Bella") is now, and at all times mentioned in this complaint was, a California corporation, with its principal place of business in San Diego County, California.

5.      Upon information and belief, Defendant VALENTE HAIR & COMPANY, INC., (hereinafter "Valente Hair") is now, and at all times mentioned in this complaint was, a California corporation, with its principal place of business in San Diego County, California.

6.      The conduct of the parties which gives rise to this action occurred in the County of Orange, State of California.

7.      Plaintiff is unaware of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 through 50.  They are sued herein pursuant to Code of Civil Procedure section 474.  When Plaintiff becomes aware of the true names and capacities of the Defendants DOES 1 through 50, Plaintiff will amend the Complaint to state their true names and capacities.

8.      Upon information and belief, each Defendant sued herein, is and at all times was the principal, agent, or employee of the other, and is and at all times was acting within the course and scope of such principal relationship, agency, or employment.  Each Defendant sued herein, received money and or property without consideration as a result of the conduct described herein and with full knowledge of the resulting damage and harm to Plaintiff and with full knowledge

that the money and/or property was obtained as a result of the Negligence, Misrepresentation, and other wrongful and illegal conduct described herein.

9. Upon information and belief, a civil conspiracy exists between all Defendants sued herein such that each Defendant, although one or more may not have actually committed a statutory violation themselves, intended for the violations to be accomplished and shared with the immediate conspirators a common plan or design in its perpetration.

## JURISDICTION AND VENUE

10. On March 22, 2019, Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California.

11. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157, and 11 U.S.C. § 523

12. The Court has jurisdiction over the non-debtor defendants pursuant to the related to jurisdiction of 28 U.S.C. 1334 because the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and the outcome of the claims impact the handling and administration of the bankruptcy estate.

13. Venue herein is proper pursuant to the provisions of 28 U.S.C. §§ 1408 and 1409.

## FIRST CLAIM FOR RELIEF
## NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)
(Against LAURA A. VALENTE)
(Against DOES 1 Through 50)

14. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

15. Pursuant to § 523(a)(2)(A) of the United States Bankruptcy Code, a debt for money or an extension of credit, to the extent obtained by false pretenses, a false representation or actual fraud, shall be non-dischargeable.

16. Between September 2015 and June 2016, Debtor on behalf of her then corporation, Valente Hair, executed a series of promissory notes for loans borrowed from Plaintiff. Plaintiff is a listed creditor on Debtor's Chapter 7 Petition.

17. Valente Hair operated a hair salon and hair product business at 7722 Girard Ave., Ste. 100, La Jolla, California 92037.

18. On or around December 6, 2018, Lapiz Properties Group obtained a stipulated judgment against Valente Hair for a total amount of $176,236.61.

19. Three days earlier, on December 3, 2018, upon information and belief, Debtor and John Valente incorporated and registered with the Secretary of State a new entity, Valente Bella, to operate the same hair salon and product business a short distance away from the original location using the same name. Upon further information and belief, Debtor undertook these acts in anticipation of the entry of the stipulated judgment.

20. Debtor transferred all of Valente Hair's assets and property to John Valente and Valente Bella. Upon information and belief, this transfer was done in order to avoid Valente Hair's creditors in the stipulated judgment obtained against it on December 6, 2018 and Debtor's creditors, including Plaintiff.

21. On or around March 22, 2019, Debtor filed this Chapter 7 Bankruptcy petition.

22. Debtor purposefully failed to disclose in her Chapter 7 Petition, the existence of Valente Hair and Valente Bella and the fact that Valente Bella currently operates out of an address that was also not disclosed in the petition: 1273 ½ Prospect St., La Jolla, California 92037.

23. As such, Debtor has perpetuated a fraud on her creditors, including Plaintiff, and on this Court.

24. Accordingly, Valente Hair should be brought into bankruptcy as a property of the estate and Debtor's debts be deemed not dischargeable, pursuant to § 523(a)(2)(A) of the United States Bankruptcy Code.

## SECOND CLAIM FOR RELIEF

## NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(4)

(Against LAURA A. VALENTE)

(Against DOES 1 Through 50)

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 above as though fully set forth herein.

26. Pursuant to § 523(a)(4), of the United States Bankruptcy Code, a debtor is not discharged from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

27. As pled above, between September 2015 and June 2016, Debtor Debtor on behalf of her then corporation, Valente Hair, executed a series of promissory notes for loans borrowed from Plaintiff. Plaintiff is a listed creditor on Debtor's Chapter 7 Petition.

28. Valente Hair operated a hair salon and hair product business at 7722 Girard Ave., Ste. 100, La Jolla, California 92037.

29. On or around December 6, 2018, Lapiz Properties Group obtained a stipulated judgment against Valente Hair for a total amount of $176,236.61.

30. Three days earlier, on December 3, 2018, upon information and belief, Debtor and John Valente incorporated and registered with the Secretary of State a new entity, Valente Bella, to operate the same hair salon and product business a short distance away from the original location using the same name.

Upon further information and belief, Debtor undertook these acts in anticipation of the entry of the stipulated judgment.

31. Debtor transferred all of Valente Hair's assets and property to John Valente and Valente Bella. Upon information and belief, this transfer was done in order to avoid Valente Hair's creditors in the stipulated judgment obtained against it on December 6, 2018 and Debtor's creditors, including Plaintiff.

32. On or around March 22, 2019, Debtor filed this Chapter 7 Bankruptcy petition.

33. Debtor purposefully failed to disclose in her Chapter 7 Petition, the existence of Valente Hair and Valente Bella and the fact that Valente Bella currently operates out of an address that was also not disclosed in the petition: 1273 ½ Prospect St., La Jolla, California 92037.

34. As such, Debtor has perpetuated a fraud on her creditors, including Plaintiff, with whom she was in a fiduciary relationship, and on this Court.

35. Accordingly, Valente Hair should be brought into bankruptcy as a property of the estate, and Debtor's debts be deemed not dischargeable, pursuant to § 523(a)(4) of the United States Bankruptcy Code.

### THIRD CLAIM FOR RELIEF
### BREACH OF FIDUCIARY DUTY
(Against LAURA A. VALENTE)

(Against DOES 1 Through 50)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above as though fully set forth herein.

37. At all times relevant to this complaint, Plaintiff was shareholder of Valente Hair. As such, Debtor owed Plaintiff fiduciary duties as a fellow shareholder.

38. Debtor breached her fiduciary duties of care, loyalty, and others by engaging in self-dealing, conversion of funds, and fraudulent transfers of Valente Hair's assets.

39. As a direct and proximate cause of Debtor's breach of fiduciary duties, Plaintiff has been damaged in an amount to be proven at trial.

40. WHEREFORE, Plaintiff prays for judgment against Defendants as more fully set forth below.

## FOURTH CLAIM FOR RELIEF

## FRAUDULENT CONVEYANCE AND TO SET ASIDE FRAUDULENT TRANSFER PURSUANT TO CALIFORNIA CIVIL CODE § 3439 et seq.

(Against LAURA A. VALENTE)

(Against JOHN VALENTE

(Against VALENTE BELLA INDUSTRY INC)

(Against VALENTE HAIR & COMPANY INC.)

(Against DOES 1 Through 50)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 above as though fully set forth herein.

42. As pled above, Debtor owned Valente Hair, which was a hair salon and hair product business located at 7722 Girard Ave., Ste. 100, La Jolla, California 92037.

43. On or around December 6, 2018, Lapiz Properties Group obtained a stipulated judgment against Valente Hair for a total amount of $176,236.61.

44. Three days earlier, on December 3, 2018, upon information and belief, Debtor and John Valente incorporated and registered with the Secretary of State a new entity, Valente Bella, to operate the same hair salon and product business a short distance away from the original location using the same name.

Upon further information and belief, Debtor undertook these acts in anticipation of the entry of the stipulated judgment.

45. Debtor transferred all of Valente Hair's assets and property to John Valente and Valente Bella. Upon information and belief, this transfer was done in order to avoid Valente Hair's creditors in the stipulated judgment obtained against it on December 6, 2018 and Debtor's creditors, including Plaintiff.

46. On or around March 22, 2019, Debtor filed this Chapter 7 Bankruptcy petition.

47. Upon information and belief, Valente Bella was incorporated and Debtor transferred Valente Hair's assets and property to John Valente and Valente Bella with actual intent to hinder, delay, or defraud Debtor's creditors. Upon further information and belief, this transfer was made without receiving a reasonably equivalent value in exchange for the transfer or obligation and that Debtor either was engaged or was about to engage in a business or a transaction for which her remaining assets were unreasonably small in relation to the business or transaction or that Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due.

48. Plaintiff has been damaged by Defendants' fraudulent transactions. When Defendants committed the fraudulent transfer, each of the Defendants were guilty of fraud, oppression, malice and the willful and conscious disregard of the rights of Plaintiff. Defendants acted with a specific motive, purpose and intent to injure, defraud and oppress Plaintiff. As a result, Plaintiff has been oppressed and injured and is entitled to an award of punitive and exemplary damages in an amount to be proven at trial.

49. WHEREFORE, Plaintiff prays for judgment against Defendants as more fully set forth below.

# PRAYER FOR RELIEF

**AS TO THE FIRST AND SECOND CLAIMS FOR RELIEF:**

1. For a determination of nondischargeability of debt in an amount of not less than $500,000.00 in obligations due and owing to Plaintiff by Debtor;

2. For an order bringing in Defendant Valente Hair into bankruptcy as a property of the estate;

**AS TO THE THIRD CLAIM FOR RELIEF:**

3. For compensatory damages in an amount to be proven at trial;

**AS TO THE FOURTH CLAIM FOR RELIEF:**

4. For an order setting aside the transfer(s) to the extent necessary to satisfy Plaintiff's claims;

5. For an order bringing in Defendant Valente Hair into bankruptcy as property of the estate;

6. For compensatory damages in an amount to be proven at trial;

7. For an order creating a constructive trust according to proof;

8. For punitive damages in an amount to be proven at trial;

**AS TO ALL CLAIMS FOR RELIEF:**

9. For an award of costs incurred;

10. For reasonable attorney's fees; and

11. For such other relief as the court may deem just and proper.

DATED: June 14, 2019        LAW OFFICES OF THOMAS F. NOWLAND

BY: _/s/ Thomas F. Nowland_____
Thomas F. Nowland, Esq.
In *Pro Per*

# **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Dated: June 14, 2019               LAW OFFICES OF THOMAS F. NOWLAND

                                   By:   */s/ Thomas F. Nowland*
                                         Thomas F. Nowland, Esq.
                                         In *Pro Per*

CSD 3010 [07/01/18]
Name, Address, Telephone No. & I.D. No.

Thomas F. Nowland (SBN 236824)
Daniel A. Brodnax (SBN 266822)
LAW OFFICES OF THOMAS F. NOWLAND
20241 SW Birch Street • Suite 203
Newport Beach, California 92660
Tel: (949) 221-0005 • Fax: (949) 221-0003

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re
LAURA A. VALENTE
                                                Debtor.

BANKRUPTCY NO. 19-01594-CL7

THOMAS F. NOWLAND
                                                Plaintiff(s)

ADVERSARY NO.

v.
LAURA A. VALENTE, et al.
                                                Defendant(s)

# PROOF OF SERVICE

I, Joseph F. Desiderio, am a resident of the State of California, over the age of 18 years, and not a party to this action.

On June 18, 2019, I served the following documents:

Adversary Complaint
Adversary Proceeding Cover Sheet
Summons in an Adversary Proceeding

1. **To Be Served by the Court via Notice of Electronic Filing ("NEF"):**

Under controlling Local Bankruptcy Rules(s) ("LBR"), the document(s) listed above will be served by the court via NEF and hyperlink to the document. On June 18, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:

David G. Weil, Esq., dweil@goldenstatelawgroup.com
Attorney for Debtor

☑ Chapter 7 Trustee: Leonard J. Ackerman, ljabkatty@gmail.com

☐ For Chpt. 7, 11, & 12 cases:
UNITED STATES TRUSTEE
ustp.region15@usdoj.gov

☐ For ODD numbered Chapter 13 cases:
THOMAS H. BILLINGSLEA, JR., TRUSTEE
Billingslea@thb.coxatwork.com

☐ For EVEN numbered Chapter 13 cases:
DAVID L. SKELTON, TRUSTEE
admin@ch13.sdcoxmail.com
dskelton13@ecf.epiqsystems.com

CSD 3010

CSD 3010 [07/01/18] (Page 2)

2. **Served by United States Mail**:

On June 18, 2019 , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing accurate copies in a sealed envelope in the United States Mail via 1) first class, postage prepaid or 2) certified mail with receipt number, addressed as follows:

David G. Weil, Esq.
Golden State Law Group
P.O. Box 600907
San Diego, CA 92160-0907

3. **Served by Personal Delivery, Facsimile Transmission, Overnight Delivery, or Electronic Mail**:

Under Fed.R.Civ.P.5 and controlling LBR, on _____ , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission, by overnight delivery and/or electronic mail as follows:

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct.

Executed on  June 18, 2019            Joseph F. Desiderio   /s/ Joseph Desiderio
              (Date)                  (Typed Name and Signature)

                                      20241 SW Birch St., Suite 203
                                      (Address)

                                      Newport Beach, CA 92660
                                      (City, State, ZIP Code)

CSD 3010