Thomas F. Nowland (SBN 236824)
Daniel A. Brodnax (SBN 266822)
Sean B. Janzen (SBN 293426)
Sarah K. Simon (SBN 299408)
**LAW OFFICES OF THOMAS F. NOWLAND**
20241 SW Birch Street ▪ Suite 203
Newport Beach, California 92660
Tel: (949) 221-0005 ▪ Fax: (949) 221-0003

In *Pro Per*

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>LAURA A. VALENTE<br><br>Debtor.<br><br>——————————————<br><br>THOMAS F. NOWLAND, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>LAURA A. VALENTE, an Individual; JOHN VALENTE, an Individual; VALENTE BELLA INDUSTRY INC, a California Corporation; VALENTE HAIR & COMPANY INC., a California Corporation; ERC INVESTMENT GROUP LLC, a California Limited Liability Company; EDIANE CRAWFORD, an Individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: 19-01594-CL7<br><br>Chapter 7<br><br>Adversary Action No.: 19-90056-CL<br><br>**FIRST AMENDED ADVERSARY COMPLAINT FOR:**<br><br>**1. NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**<br>**2. NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(4)**<br>**3. BREACH OF FIDUCIARY DUTY**<br>**4. FRAUDULENT CONVEYANCE AND TO SET ASIDE FRAUDULENT TRANSFER PURSUANT TO CALIFORNIA CIVIL CODE § 3439 et seq.**<br><br>**JURY TRIAL DEMANDED** |

///

///

///

Plaintiff brings this action against Defendants and alleges as follows:

## THE PARTIES

1. Plaintiff/Creditor THOMAS F. NOWLAND (hereinafter "Plaintiff"), is now, and at all times mentioned in this complaint was, an individual residing in Orange County, California.

2. Defendant LAURA A. VALENTE (hereinafter "Debtor") is now, and at all times mentioned in this complaint, an individual residing in San Diego County, California.

3. Defendant JOHN VALENTE, (hereinafter "John Valente") is now, and at all times mentioned in this complaint, an individual residing in San Diego County, California.

4. Upon information and belief, Defendant VALENTE BELLA INDUSTRY INC, (hereinafter "Valente Bella") is now, and at all times mentioned in this complaint was, a California corporation, with its principal place of business in San Diego County, California.

5. Upon information and belief, Defendant VALENTE HAIR & COMPANY, INC., (hereinafter "Valente Hair") is now, and at all times mentioned in this complaint was, a California corporation, with its principal place of business in San Diego County, California.

6. Upon information and belief, Defendant ERC INVESTMENT GROUP LLC (hereinafter "ERC") is now, and at all times mentioned in this complaint was, a California limited liability company, with its principal place of business in San Diego County, California.

7. Upon information and belief, Defendant EDIANE CRAWFORD (hereinafter "Crawford") is now, and at all times mentioned in this complaint, an individual residing in San Diego County, California.

8.     The conduct of the parties which gives rise to this action occurred in the County of Orange, State of California.

9.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 through 50. They are sued herein pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and capacities of the Defendants DOES 1 through 50, Plaintiff will amend the Complaint to state their true names and capacities.

10.    Upon information and belief, each Defendant sued herein, is and at all times was the principal, agent, or employee of the other, and is and at all times was acting within the course and scope of such principal relationship, agency, or employment. Each Defendant sued herein, received money and or property without consideration as a result of the conduct described herein and with full knowledge of the resulting damage and harm to Plaintiff and with full knowledge that the money and/or property was obtained as a result of the Negligence, Misrepresentation, and other wrongful and illegal conduct described herein.

11.    Upon information and belief, a civil conspiracy exists between all Defendants sued herein such that each Defendant, although one or more may not have actually committed a statutory violation themselves, intended for the violations to be accomplished and shared with the immediate conspirators a common plan or design in its perpetration.

**JURISDICTION AND VENUE**

12.    On March 22, 2019, Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California.

13.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157, and 11 U.S.C. § 523

14.    The Court has jurisdiction over the non-debtor defendants pursuant to the related to jurisdiction of 28 U.S.C. 1334 because the outcome could alter the

- 3 -
FIRST AMENDED ADVERSARY COMPLAINT

debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and the outcome of the claims impact the handling and administration of the bankruptcy estate.

15. Venue herein is proper pursuant to the provisions of 28 U.S.C. §§ 1408 and 1409.

# FIRST CLAIM FOR RELIEF

## NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

(Against LAURA A. VALENTE)

(Against DOES 1 Through 50)

16. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15 above as though fully set forth herein.

17. Pursuant to § 523(a)(2)(A) of the United States Bankruptcy Code, a debt for money or an extension of credit, to the extent obtained by false pretenses, a false representation or actual fraud, shall be non-dischargeable.

18. Between September 2015 and June 2016, Debtor on behalf of her then corporation, Valente Hair, executed a series of promissory notes for loans borrowed from Plaintiff. Plaintiff is a listed creditor on Debtor's Chapter 7 Petition.

19. Valente Hair operated a hair salon and hair product business at 7722 Girard Ave., Ste. 100, La Jolla, California 92037.

20. On or around December 6, 2018, Lapiz Properties Group obtained a stipulated judgment against Valente Hair for a total amount of $176,236.61.

21. Three days earlier, on December 3, 2018, upon information and belief, Debtor and John Valente incorporated and registered with the Secretary of State a new entity, Valente Bella, to operate the same hair salon and product business a short distance away from the original location using the same name.

Upon further information and belief, Debtor undertook these acts in anticipation of the entry of the stipulated judgment.

22. Debtor transferred all of Valente Hair's assets and property to John Valente and Valente Bella. Upon information and belief, this transfer was done in order to avoid Valente Hair's creditors in the stipulated judgment obtained against it on December 6, 2018 and Debtor's creditors, including Plaintiff.

23. On or around March 22, 2019, Debtor filed this Chapter 7 Bankruptcy petition.

24. Debtor purposefully failed to disclose in her Chapter 7 Petition, the existence of Valente Hair and Valente Bella and the fact that Valente Bella currently operates out of an address that was also not disclosed in the petition: 1273 ½ Prospect St., La Jolla, California 92037.

25. Further, Debtor, John Valente and Valente Bella then sold and transferred the business to ERC and Crawford. Upon information and belief, this transfer was done in order to avoid Valente Hair's creditors, including Plaintiff.

26. As such, Debtor has perpetuated a fraud on her creditors, including Plaintiff, and on this Court.

27. Accordingly, Valente Hair should be brought into bankruptcy as a property of the estate and Debtor's debts be deemed not dischargeable, pursuant to § 523(a)(2)(A) of the United States Bankruptcy Code.

## SECOND CLAIM FOR RELIEF

## NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(4)

(Against LAURA A. VALENTE)

(Against DOES 1 Through 50)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 above as though fully set forth herein.

29. Pursuant to § 523(a)(4), of the United States Bankruptcy Code, a debtor is not discharged from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

30. As pled above, between September 2015 and June 2016, Debtor Debtor on behalf of her then corporation, Valente Hair, executed a series of promissory notes for loans borrowed from Plaintiff. Plaintiff is a listed creditor on Debtor's Chapter 7 Petition.

31. Valente Hair operated a hair salon and hair product business at 7722 Girard Ave., Ste. 100, La Jolla, California 92037.

32. On or around December 6, 2018, Lapiz Properties Group obtained a stipulated judgment against Valente Hair for a total amount of $176,236.61.

33. Three days earlier, on December 3, 2018, upon information and belief, Debtor and John Valente incorporated and registered with the Secretary of State a new entity, Valente Bella, to operate the same hair salon and product business a short distance away from the original location using the same name. Upon further information and belief, Debtor undertook these acts in anticipation of the entry of the stipulated judgment.

34. Debtor transferred all of Valente Hair's assets and property to John Valente and Valente Bella. Upon information and belief, this transfer was done in order to avoid Valente Hair's creditors in the stipulated judgment obtained against it on December 6, 2018 and Debtor's creditors, including Plaintiff.

35. On or around March 22, 2019, Debtor filed this Chapter 7 Bankruptcy petition.

36. Debtor purposefully failed to disclose in her Chapter 7 Petition, the existence of Valente Hair and Valente Bella and the fact that Valente Bella currently operates out of an address that was also not disclosed in the petition: 1273 ½ Prospect St., La Jolla, California 92037.

FIRST AMENDED ADVERSARY COMPLAINT

37. Further, Debtor, John Valente and Valente Bella then sold and transferred the business to ERC and Crawford. Upon information and belief, this transfer was done in order to avoid Valente Hair's creditors, including Plaintiff.

38. As such, Debtor has perpetuated a fraud on her creditors, including Plaintiff, with whom she was in a fiduciary relationship, and on this Court.

39. Accordingly, Valente Hair should be brought into bankruptcy as a property of the estate, and Debtor's debts be deemed not dischargeable, pursuant to § 523(a)(4) of the United States Bankruptcy Code.

## THIRD CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY

(Against LAURA A. VALENTE)

(Against DOES 1 Through 50)

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 above as though fully set forth herein.

41. At all times relevant to this complaint, Plaintiff was shareholder of Valente Hair. As such, Debtor owed Plaintiff fiduciary duties as a fellow shareholder.

42. Debtor breached her fiduciary duties of care, loyalty, and others by engaging in self-dealing, conversion of funds, and fraudulent transfers of Valente Hair's assets.

43. As a direct and proximate cause of Debtor's breach of fiduciary duties, Plaintiff has been damaged in an amount to be proven at trial.

44. WHEREFORE, Plaintiff prays for judgment against Defendants as more fully set forth below.

///

///

///

- 7 -
FIRST AMENDED ADVERSARY COMPLAINT

# FOURTH CLAIM FOR RELIEF
## FRAUDULENT CONVEYANCE AND TO SET ASIDE FRAUDULENT TRANSFER PURSUANT TO CALIFORNIA CIVIL CODE § 3439 et seq.

(Against LAURA A. VALENTE)

(Against JOHN VALENTE

(Against VALENTE BELLA INDUSTRY INC)

(Against VALENTE HAIR & COMPANY INC.)

(Against ERC INVESTMENT GROUP LLC)

(Against EDIANE CRAWFORD)

(Against DOES 1 Through 50)

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 above as though fully set forth herein.

46. As pled above, Debtor owned Valente Hair, which was a hair salon and hair product business located at 7722 Girard Ave., Ste. 100, La Jolla, California 92037.

47. On or around December 6, 2018, Lapiz Properties Group obtained a stipulated judgment against Valente Hair for a total amount of $176,236.61.

48. Three days earlier, on December 3, 2018, upon information and belief, Debtor and John Valente incorporated and registered with the Secretary of State a new entity, Valente Bella, to operate the same hair salon and product business a short distance away from the original location using the same name. Upon further information and belief, Debtor undertook these acts in anticipation of the entry of the stipulated judgment.

49. Debtor transferred all of Valente Hair's assets and property to John Valente and Valente Bella. Upon information and belief, this transfer was done in order to avoid Valente Hair's creditors in the stipulated judgment obtained against it on December 6, 2018 and Debtor's creditors, including Plaintiff.

50. On or around March 22, 2019, Debtor filed this Chapter 7 Bankruptcy petition.

51. Upon information and belief, Valente Bella was incorporated and Debtor transferred Valente Hair's assets and property to John Valente and Valente Bella with actual intent to hinder, delay, or defraud Debtor's creditors. Upon further information and belief, this transfer was made without receiving a reasonably equivalent value in exchange for the transfer or obligation and that Debtor either was engaged or was about to engage in a business or a transaction for which her remaining assets were unreasonably small in relation to the business or transaction or that Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due.

52. Further, Debtor, John Valente and Valente Bella then sold and transferred the business to ERC and Crawford. Upon information and belief, this transfer was done in order to avoid Valente Hair's creditors, including Plaintiff. Upon further information and belief, this transfer was made without receiving a reasonably equivalent value in exchange for the transfer or obligation and that Debtor either was engaged or was about to engage in a business or a transaction for which her remaining assets were unreasonably small in relation to the business or transaction or that Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due.

53. Plaintiff has been damaged by Defendants' fraudulent transactions. When Defendants committed the fraudulent transfer, each of the Defendants were guilty of fraud, oppression, malice and the willful and conscious disregard of the rights of Plaintiff. Defendants acted with a specific motive, purpose and intent to injure, defraud and oppress Plaintiff. As a result, Plaintiff has been oppressed and

injured and is entitled to an award of punitive and exemplary damages in an amount to be proven at trial.

54. WHEREFORE, Plaintiff prays for judgment against Defendants as more fully set forth below.

**PRAYER FOR RELIEF**

**AS TO THE FIRST AND SECOND CLAIMS FOR RELIEF:**

1. For a determination of nondischargeability of debt in an amount of not less than $500,000.00 in obligations due and owing to Plaintiff by Debtor;

2. For an order bringing in Defendant Valente Hair into bankruptcy as a property of the estate;

**AS TO THE THIRD CLAIM FOR RELIEF:**

3. For compensatory damages in an amount to be proven at trial;

**AS TO THE FOURTH CLAIM FOR RELIEF:**

4. For an order setting aside the transfer(s) to the extent necessary to satisfy Plaintiff's claims;

5. For an order bringing in Defendant Valente Hair into bankruptcy as property of the estate;

6. For compensatory damages in an amount to be proven at trial;

7. For an order creating a constructive trust according to proof;

8. For punitive damages in an amount to be proven at trial;

///
///
///

**AS TO ALL CLAIMS FOR RELIEF:**

9. For an award of costs incurred;

10. For reasonable attorney's fees; and

11. For such other relief as the court may deem just and proper.

DATED: August 6, 2019            LAW OFFICES OF THOMAS F. NOWLAND

                                 BY: _/s/ Thomas F. Nowland_____
                                     Thomas F. Nowland, Esq.
                                     In *Pro Per*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Dated: August 6, 2019            LAW OFFICES OF THOMAS F. NOWLAND

                                 By:  _/s/ Thomas F. Nowland_
                                      Thomas F. Nowland, Esq.
                                      In *Pro Per*

- 11 -
FIRST AMENDED ADVERSARY COMPLAINT